IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| CECILIA PARADA, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIVIL ACTION NO. 3:21-cv-195 |
| § | |
| SANDHILL SHORES PROPERTY OWNERS § | |
| ASSOCIATION, INC., § | |
| § | |
| Defendant. § | |
| § | |

## ORIGINAL COMPLAINT

### I.   INTRODUCTION

1. Cecilia Parada, Plaintiff, brings this action for injunctive relief, attorneys' fees and court costs against the Sandhill Shores Property Owners Association, Inc., ("Sandhill Shores") under the Fair Housing Act, Title VIII of the Civil Rights Act of 1968, as amended ("FHA"), and Title III of the Americans with Disabilities Act (the "ADA").

2. Cecilia Parada resides for a substantial portion of each year in a residential beachfront property at 20603 E. Sandhill Dr., Galveston, Texas 77554 (the "Paradise House") owned by Paradise 89, LLC, in the subdivision served by Sandhill Shores.

3. Ms. Parada has been diagnosed with Alzheimer's disease with late onset. Her Alzheimer's disease has caused worsening cognitive symptoms. She also becomes easily upset. This latter difficulty has intensified to such a degree in recent years that she has become almost completely incapable of interacting with strangers, unless she is in the company of friends, family, or others familiar to her. In the absence of her friends and

family, any encounter with unfamiliar people can upset Ms. Parada to such a degree that she will suffer extreme and intolerable panic in a matter of moments.

4. Ms. Parada's reactions to unfamiliar people are so extreme in their nature that they evidence the fact that her condition constitutes a disability for purposes of applicable federal law, including the FHA[1] and the ADA, because it constitutes a mental impairment that substantially limits one or more major life activities, including without limitation concentrating, thinking, communicating and interacting with others. 29 C.F.R. § 1630.2(i)(1)(i).

5. Pursuant to the Texas Open Beaches Act, contained in Chapter 61 of the Texas Natural Resources Code, and applicable regulations, Sandhill Shores has an obligation to maintain two beach access paths so that the general public has full access to the area beaches. In 2006, when Paradise 89, LLC, purchased the Paradise House and Ms. Parada began residing there for substantial portions of every year, two beach access paths had already been designated in areas a considerable distance from the Paradise House, thus establishing the necessary compliance.

6. After hurricane-related damage to the entire Sandhill Shores subdivision, including the existing beach access paths, the owners of the lots in the subdivision voted 18-3 in 2009 to keep those paths where they had existed for years. Nevertheless, Sandhill Shores has recently expressed its intention to construct a pedestrian beach access path behind and to the side

---

[1] The FHA uses the term "handicap" instead of the term "disability." Both terms have the same legal meaning. *See Bragdon v. Abbott*, 524 U.S. 624, 631 (1998) (noting that definition of "disability" in the Americans with Disabilities Act is drawn almost verbatim "from the definition of 'handicap' contained in the Fair Housing Amendments Act of 1988"). This Complaint uses the term "disability," which is more generally accepted.

of the Paradise House, despite the fact that this inexplicable decision would cost its members more money.

7. Quite apart from the many other independent grounds for Sandhill Shores not to move forward with its intention to construct the beach access path in immediate proximity to the Paradise House, construction of this path would make it impossible for Ms. Parada to continue to reside at the house. The entire point of the beach access paths is to allow members of the public access to the beach. This is no merely abstract proposition, as the Sandhill Shores area of Galveston is well known for its dunes and its Ridley sea turtles. Members of the public rent vacation lodging there or simply come in for a day to enjoy the beautiful scenery. Either way many members of the general public take advantage of the beach access paths. Either way Ms. Parada, if she continued to reside at the Paradise House and if a beach access path went right by that residence, would be constantly confronted with the presence of strangers immediately outside of her residence which her disability has left her entirely unequipped to handle. The trauma would leave her and her family no choice. She would be unable to reside at the Paradise House at all.

8. The FHA prohibits, among other things, "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling." 42 U.S.C. § 3604(f)(3)(B).

9. Title III of the ADA forbids discrimination "on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation . . . ." 42 U.S.C. § 12182(a). Discrimination includes "a failure to make reasonable modifications in policies, practices, or procedures, when such

modifications are necessary to afford such goods, services, facilities, privileges, advantages, or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations[.]" 42 U.S.C. § 12182(b)(2)(A)(ii). It imposes compliance obligations on any person who "owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). The beach is an area of public accommodation. After all, the entire purpose of the beach access paths is to provide access for the public to the beach. Thus, the beach access paths constitute places of public accommodation themselves.

10. Plaintiff requested a reasonable accommodation from Sandhill Shores by certified mail, return receipt requested, in correspondence dated July 2, 2021, directed to the attorney for the association. Plaintiff's counsel sent a copy of that correspondence to the attorney for the association by email on July 12, 2021, to ensure receipt. In this correspondence, Ms. Parada requested the accommodation of having Sandhill Shores refrain from constructing the pedestrian beach access path behind and to the side of their residential property. Ms. Parada noted the reasonableness of this requested accommodation in that she requests only that Sandhill Shores do what (1) it did before, (2) the local homeowners have all indicated that they want, and (3) would prove less expensive for Sandhill Shores and its members than the alternative.

11. As of the date of this filing, Plaintiff has received no response whatsoever to her request, much less the sort of interactive process required by the applicable civil rights statutes and their interpreting authorities. Given the pressing nature of Plaintiff's request, such a lack of response constitutes a constructive denial of her request for a reasonable accommodation.

12. Without the accommodation she requests, Plaintiff will face irreparable harm, as she will have no opportunity, and certainly no equal opportunity, to use and enjoy the Paradise House—the use of which has immense therapeutic value for her as it provides, at least at present, a calm and healthful environment for her in the face of the debilitating stresses of her progressive disease.

13. Sandhill Shores has indicated that it intends to move forward with the construction of its beachfront access paths promptly.

14. Plaintiff thus requests that this Court enjoin Sandhill Shores from constructing a pedestrian beach access path behind and to the side of their residential property or in a location otherwise adjacent to that property.

## II.  JURISDICTION AND VENUE

15. This Court has jurisdiction over this action and may grant the relief sought herein pursuant to 42 U.S.C. § 3613(a) and 42 U.S.C. § 12188.

16. Venue is proper under 28 U.S.C. § 1391 because the events or omissions giving rise to the claims alleged herein occurred in this district in Galveston, Texas, located in Galveston County.

## III.  PARTIES

17. Cecilia Parada is Plaintiff in this matter. Ms. Parada is a resident for a substantial portion of the year of the beachfront property owned by Paradise 89, LLC, at issue in this matter.

18. Defendant is the Sandhill Shores Property Owners Association, Inc., a Texas nonprofit organization organized under the State of Texas. Defendant can be served through

Carolyn Garcia, the President of its Board at the following address: 8827 Memorial Drive, Houston, Texas 77024.

### III.    FACTUAL ALLEGATIONS

19.    Cecilia Parada resides at the Paradise House for a substantial portion of each year. The Paradise House is a beachfront property owned by Paradise 89, LLC, in the subdivision served by Defendant Sandhill Shores. Ms. Parada has resided at the Paradise House for substantial portions of the year since 2006 when Paradise 89, LLC, purchased the property.

20.    Ms. Parada has been diagnosed with Alzheimer's disease with late onset. Consistent with the debilitating nature of this disease, her condition has caused worsening cognitive symptoms. As part of the manifestation of these symptoms, Ms. Parada becomes easily upset and can suddenly display terror in the face of unfamiliar surroundings or individuals. This latter difficulty has intensified to such a degree in recent years that she has become almost completely incapable of interacting with strangers, unless she is in the company of friends, family, or others familiar to her. In the absence of her friends and family, any encounter with unfamiliar people can upset Ms. Parada to such a degree that she will suffer extreme and intolerable panic in a matter of moments.

21.    Ms. Parada's reactions to unfamiliar people are so extreme that they substantially limit, among other things, her concentration, her thinking, and her communicating and interacting with others. In fact, as explained above, she is utterly incapable of communicating or interacting with others unless she is accompanied by friends or family. Her Alzheimer's Disease greatly compromises her concentration and her thinking under all circumstances. When confronted with strangers, her concentration and thinking all but evaporates in the face of her panicked reaction.

22. Sandhill Shores complied for many years with its obligations under the Texas Open Beaches Act and relevant regulations to maintain two beach access paths so that the general public has full access to the area beaches. Paradise 89, LLC, purchased the Paradise House in 2006, at which time these two beach access paths had already been in place for years in locations nowhere near that residence. Ms. Parada began residing there for substantial portions of every year, and there was every expectation that she would have the opportunity to use and to enjoy those premises relatively undisturbed. Particularly as her Alzheimer's Disease progressed, this factor took on increasingly critical importance.

23. When Hurricane Ike made landfall at Galveston in the early morning of September 13, 2008, as a Category 2 hurricane, its high winds did substantial damage to the Sandhill Shores area, including the existing beach access paths. Nothing about the existing beach access paths made them particularly vulnerable to such damage, so it was unsurprising in 2009 when the owners of the lots in the subdivision voted 18-3 in 2009 to keep those paths where they had existed for years. Far more surprising was the recent decision by the current Sandhill Shores board to disregard that vote and to construct a pedestrian beach access path behind and to the side of the Paradise House.

24. The decision of the Sandhill Shores board in this regard was surprising not only in terms of its disregard for the express wishes of the subdivision owners, but also because it would cost the Sandhill Shores members more money because it would require a longer path. Sandhill Shores has offered no cogent reason for the above-referenced determination. On information and belief, there is no reasonable basis for the determination. On information and belief, use of the beach access paths that existed for years would best serve the interest of Sandhill Shores and its members.

25.     Furthermore, construction of this path adjacent to the Paradise House would make it impossible for Ms. Parada to continue to reside at the house.  The beach access paths are designed by their nature to provide access for the general public to the area beaches—beaches renowned for their dunes, Ridley sea turtles, and other attractions.  A large volume of traffic uses these beach access paths—vacationers may rent lodgings on or near the beach or may come in for the day and traverse the paths en route to the ocean.  According to the Galveston Island Convention and Visitors Bureau's <u>Economic Impact of Tourism on Galveston Island 2019</u>, 7.3 million visitors came to Galveston Island in 2019 alone.  As Galveston's key attraction is its beaches, these millions all use whatever mechanisms are available to find their way there—including the beach access paths at Sandhill Shores.  Thus, if Ms. Parada continued to reside at the Paradise House and with a beach access path immediately adjacent to that residence, she would be constantly confronted with a constant flow of strangers immediately outside of her residence and, with it, a constant source of trauma with which she lacks any ability to cope.  Ms. Parada would be unable to reside at the Paradise House at all.

26.     Plaintiff requested a reasonable accommodation from Sandhill Shores by certified mail, return receipt requested, in correspondence dated July 2, 2021, directed to the attorney for the association—Ms. Kathleen Kilanowski of Cagle Pugh, 3333 Lee Parkway, Suite 600, Dallas, Texas 75219.  Plaintiff's counsel sent a copy of that correspondence to Ms. Kilanowski by email on July 12, 2021, to ensure receipt.  In this correspondence, Ms. Parada requested the accommodation of having Sandhill Shores refrain from constructing the pedestrian beach access path behind and to the side of their residential property.  Ms. Parada noted the reasonableness of this requested accommodation in that she requests only that Sandhill Shores do what (1) it did before, (2) the local homeowners have all

indicated that they want, and (3) would prove less expensive for Sandhill Shores and its members than the alternative.

27. As of the date of this filing, Plaintiff has received no response whatsoever to her request, much less the sort of interactive process required by the applicable civil rights statutes and their interpreting authorities. Given the pressing nature of Plaintiff's request, such a lack of response constitutes a constructive denial of her request for a reasonable accommodation.

28. Without the accommodation she requests, Plaintiff will face irreparable harm, as she will have no opportunity, and certainly no equal opportunity, to use and enjoy the Paradise House—the use of which has immense therapeutic value for her as it provides, at least at present, a calm and healthful environment for her in the face of the debilitating stresses of her progressive disease. Plaintiff has no other remedy at law other than seeking the intervention of this Court to protect her right to an equal opportunity to use and to enjoy the housing of her choice. Defendant Sandhill Shores would face no undue burden or hardship and would not have to alter—fundamentally or otherwise—any aspect of what it provides to the community. In fact, Plaintiff simply requests that Sandhill Shores leave the beach access paths where they always were. The public interest would be served by granting the injunction. Quite apart from the fact that the public interest is always served by the enforcement of civil rights statutes such as the ADA and the FHA, the members of the Sandhill Shores association voted to keep the beach access paths where they were—precisely the relief Plaintiff seeks.

29. Sandhill Shores has indicated that it intends to move forward with the construction of its beachfront access paths promptly.

30. Plaintiff thus requests that this Court enjoin Sandhill Shores from constructing a pedestrian beach access path behind and to the side of their residential property or in a location otherwise adjacent to that property.

### IV. <u>CLAIM FOR RELIEF: VIOLATION OF THE FAIR HOUSING ACT</u>

31. The allegations listed in paragraphs 1-30 above are incorporated herein by reference.

32. The Paradise House is a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

33. Cecilia Parada is a person with a disability within the meaning of 42 U.S.C. § 3602(h).[2]

34. Defendant's actions described above constitute a refusal to make reasonable accommodations in rules, policies, practices, or services when such accommodations may be necessary to afford a person an equal opportunity to use and enjoy a dwelling, in violation of the FHA, 42 U.S.C. § 3604(f)(3)(B).

35. As a result of Defendant's conduct, Plaintiff is an aggrieved person as defined in 42 U.S.C. § 3602(i) and has suffered injuries as a result of Defendant's actions.

36. Defendant's conduct threatens to impose irreparable harm on Plaintiff.

37. The accommodation requested by Plaintiff is both reasonable and necessary to avoid the threatened irreparable harm and to provide Plaintiff an equal opportunity to use and enjoy the housing of her choice.

38. Providing the accommodation requested by Plaintiff will not impose an undue burden on Defendant or require it to alter any service or activity in a fundamental manner.

---

[2] *See* n.1 above.

39. Enjoining Defendant from continuing to refuse to grant the accommodation requested by Plaintiff will impose no hardship on Defendant and will not disserve the public interest, but rather will serve that interest.  Plaintiff has no adequate remedy at law to address the irreparable harm with which she is threatened.

### V. CLAIM FOR RELIEF: VIOLATION OF THE AMERICANS WITH DISABILITIES ACT

40. The allegations listed in paragraphs 1-39 above are incorporated herein by reference.

41. Cecilia Parada is a person with a disability within the meaning of 42 U.S.C. §§ 12101 and 12182.

42. Defendant provides and operates places of public accommodation in the form of beach access paths.

43. Defendant's actions described above constitute a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford "services, facilities, privileges, advantages, or accommodations to individuals with disabilities" in violation of the ADA, 42 U.S.C. § 12182(a), (b), and specifically (b)(2)(A)(ii). Making the requested modification would not fundamentally alter the nature of any good, facility, privilege, advantage, or accommodation being offered and would not result in an undue burden.

44. Defendant's conduct threatens to impose irreparable harm on Plaintiff.

45. The accommodation requested by Plaintiff is both reasonable and necessary to avoid the threatened irreparable harm and to provide Plaintiff the privileges, advantages, and accommodations others enjoy and which she requires.

46. Enjoining Defendant from continuing to refuse to grant the modification requested by Plaintiff will impose no hardship on Defendant and will not disserve the public interest, but rather will serve that interest. Plaintiff has no adequate remedy at law to address the irreparable harm with which she is threatened.

## VI. RELIEF REQUESTED

47. The Court has jurisdiction to enter injunctive relief. 42 U.S.C. § 3613(c), 42 U.S.C. § 12188(a).

WHEREFORE, Plaintiffs pray that the Court enter an ORDER, after appropriate proceedings:

a. Preliminarily, and ultimately permanently, enjoining Defendant from constructing a pedestrian beach access path behind and to the side of the Paradise House or in a location otherwise adjacent to that property; and

b. Awarding attorney fees and costs, pursuant to the FHA, 42 U.S.C. § 3613(c)(2), 42 U.S.C. § 12188, and 42 U.S.C. § 2000a-3(a) and (b).

Plaintiff further prays for such additional relief as the interests of justice may require.

DATE: July 29, 2021

Respectfully submitted,

s/_Mark Whitburn_____
Mark Whitburn
Texas Bar No. 24042144
Sean Pevsner
Texas Bar No. 24079130
Whitburn & Pevsner, PLLC
2000 E. Lamar Blvd., Suite 600
Arlington, Texas 76006
Tel: (817) 653-4547
Fax: (817) 653-4477
mwhitburn@whitburnpevsner.com

Attorneys for Plaintiff

s/ *[signature]*
Neil H. McLaurin IV
Texas Bar No. 24007657
Mitchell Avila Katine
Texas Bar No. 11106600
Katine Nechman McLaurin LLP
1834 Southmore Blvd.
Houston, Texas 77004
Tel: (713) 808-1000
Fax: (713) 808-1107
nmclaurin@lawknm.com

Attorneys for Plaintiff